UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BRENDA MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-30187-MGM |
| | ) | |
| CHARLES D. BAKER, GOVERNOR OF | ) | |
| MASSACHUSETTS; MARYLOU SUDDERS, | ) | |
| SECRETARY OF MA HEALTH AND | ) | |
| HUMAN SERVICES; and LINDA S. | ) | |
| SPEARS, COMMISSIONER OF MA | ) | |
| DEPARTMENT OF CHILDREN AND | ) | |
| FAMILIES, | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION
TO DISMISS THE COMPLAINT
(Dkt. No. 11)

ROBERTSON, U.S.M.J.

I.    INTRODUCTION

On October 23, 2015, plaintiff Brenda Murphy ("Plaintiff"), who is self-represented in

this case, filed a complaint against Charles D. Baker in his official capacity as Governor of

Massachusetts; Marylou Sudders in her official capacity as Secretary of the Massachusetts

Executive Office of Health and Human Services; and Linda S. Spears in her official capacity as

the Commissioner of the Massachusetts Department of Children and Families (Dkt. No. 1 at 1,

¶¶ 2-4).  On December 16, 2015, the defendants filed a motion to dismiss the complaint pursuant

to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the complaint fails to state a

claim against any of the defendants (Dkt. No. 12) ("Defendants' Motion").  Plaintiff filed her

opposition to Defendants' Motion on January 4, 2016 (Dkt. No. 18).  On January 15, 2016,

District Judge Mark G. Mastroianni referred Defendants' Motion to this court for Report and

Recommendation.  *See* Fed. R. Civ. P. 72 and 28 U.S.C. § 636(1)(B).  For the reasons set forth

below, the court recommends that the presiding District Judge deny the Defendants' Motion

without prejudice and grant Plaintiff forty-five (45) days from issuance of this order, or from the

court's ruling on any objection to this Report and Recommendation, to amend her complaint to

comply with the requirements of the Federal Rules of Civil Procedure.  If Plaintiff fails timely to

file an amended complaint, the court recommends that Plaintiff's complaint be dismissed without

prejudice.

II.   PARTIES AND ALLEGATIONS IN COMPLAINT

An extensive recitation of the facts is not warranted in view of the allegations in the

complaint and the parties named therein.  Thus, the following is an abbreviated overview of the

claims of wrongdoing asserted by Plaintiff.[1]  In 2003, Plaintiff and her husband adopted a young

child from an orphanage in Poland, whom Plaintiff refers to as A.M. in the complaint (Dkt. No. 1

at 2, ¶ 8).  In addition to a diagnosed hearing impairment, A.M. had undiagnosed developmental

delays and other impairments (*id.*).  The Massachusetts Department of Families and Children

("DCF"), was involved with the family at least as early as 2008 and possibly as early as 2006 (*id.*

at 5-8, 14, ¶¶ 12, 36).  On or around May 20, 2009, social worker Kelly Tracy, a DCF employee,

petitioned the court on an emergency basis for removal of A.M. and her brother from their home

(*id.* at 2, ¶ 10).[2]  According to Plaintiff, on May 9, 2009 and during ensuing court proceedings

related to the custody of A.M., Ms. Tracy made fraudulent misrepresentations to the court so that

---

[1] The allegations in Plaintiff's complaint are not organized chronologically and the events about
which she complains are not clearly set out in compliance with Federal Rule of Civil Procedure
8(d), which requires that each factual allegation "be simple, concise and direct."

[2] It appears from Plaintiff's submissions that A.M.'s brother, Plaintiff's biological child, was
returned to the custody of his parents in short order.

DCF could gain custody of A.M. (*id*. at 3, 14-15, 16-19, ¶¶ 9, 37, 46), other D.C.F. employees engaged in misconduct, and D.C.F. failed to comply with its regulations mandating the timing of required steps in the custody litigation (*e.g.*, *id*. at 4-5, 8, 19-21, 22-25, 27, ¶¶ 11-12, 17, 45). State court judges overlooked DCF's failure to comply with regulations governing its proceedings, were biased, and unfairly ruled in favor of DCF and against Plaintiff, thereby denying Plaintiff due process in the proceeding that adjudicated Plaintiff's parental rights, and, apparently, in related state court cases filed by Plaintiff (*id*. at 4-6, 8-9, 19, 21, 22-25, 27, 28, ¶¶ 11, 12, 17, 48, 49, 52, 57). In 2010, a judge of the Massachusetts Juvenile Court ordered entry of a judgment terminating Plaintiff's parental rights to A.M. following a trial in which, Plaintiff alleges, the judge declined to admit some relevant evidence and ignored other relevant evidence and made an erroneous decision (*id*. at 22-27, ¶¶ 52-57). The Massachusetts Appeals Court affirmed the trial court, and the Massachusetts Supreme Judicial Court denied further appellate review (*id*. at 27-28, ¶¶ 58-60). Plaintiff also appears to allege negligence by a pediatrician who treated A.M. (*id*. at 9, ¶¶ 19-33).

As relief, the complaint seeks the reinstatement of Plaintiff's parental rights; removal of her name from all DCF/State registries associated with child abuse or neglect; reimbursement of her legal and other expenses associated with "this case"; and punitive damages for the violations of her family's constitutional rights (*id*. at 34, ¶ 62).

III.   DISCUSSION

The defendants have moved to dismiss the complaint on the grounds that Plaintiff's complaint fails to identify any actionable legal theories, and, as to the Governor and the Secretary of Health and Human Services, contains no factual allegations of wrongdoing (Dkt. No. 12). The defendants argue that these deficiencies in the complaint preclude a proper

3

response to the complaint and the assertion of defenses, such as sovereign immunity (or lack of subject matter jurisdiction), that may apply (*id*. at 4).  The court agrees with these contentions.

1.  <u>Deficiencies in complaint</u>

"Under Rule 8(a), . . . a complaint must contain three essential elements: (1) a short and plain statement of the legal basis for federal court jurisdiction; (2) a short and plain statement of plaintiff's claim(s); and (3) a demand for judgment, *i.e.*, the damages or other relief sought by plaintiff."  *Rourke v. Rhode Island*, No. CA 07-066 ML, 2007 WL 1875795, at *2 (D.R.I. June 27, 2007).  A complaint must also set forth "'factual allegations, either direct or indirect, respecting each material element necessary to sustain recovery under some actionable legal theory.'"  *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).  While it is true that a complaint filed by a self-represented litigant must be liberally construed, *see, e.g., Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Plaintiff's self-represented status "does not excuse h[er] from complying with the Court's procedural rules."  *Rourke*, 2007 WL 1875795, at *2.

Plaintiff asserts that this court has jurisdiction in this case because her complaint "pertains to constitutional violations" (Dkt. No. 1 at 1, ¶ 5).  In the court's view, Plaintiff has sufficiently alleged a basis for federal jurisdiction, in that the complaint can be read to invoke this court's jurisdiction pursuant to 28 U.S.C. § 1331 (federal courts have original jurisdiction of claims arising under the Constitution of the United States).

The complaint falls far short, however, of containing a short and plain statement of the legal claims or theories showing that Plaintiff may be entitled to relief.  *See* Fed. R. Civ. P. 8(a)(2); *see also* Fed. R. Civ. P. 10(b) (in complaint, a party must set forth "claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances").  While Plaintiff

4

has, in conclusory fashion, alleged violations of her constitutional rights throughout the complaint, she has failed to set out separately any claim she is seeking to assert or to identify the defendant against whom any such claim is asserted.  *See Rourke*, 2007 WL 1875795, at *2 (Rule 10(b) requires that each separate legal claim against a defendant be set forth in a separately numbered "count" or section in the complaint).  The defendants cannot answer a complaint that fails to state the claims asserted against them.

Further, "[i]t is well established that 'a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but [rather] must utilize 42 U.S.C. § 1983.'"  *Wilson v. Moreau*, 440 F. Supp. 2d 81, 92 (D.R.I. 2006) (quoting *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001)).  Even if this court were to overlook Plaintiff's failure to invoke 42 U.S.C. § 1983 ("Section 1983") based on her self-represented status, the complaint would still be deficient, because, to assert a claim under Section 1983, a complaint must allege that a defendant's "'conduct was the cause in fact of the alleged [constitutional] deprivation.'"  *Gagliardi*, 513 F.3d at 306 (quoting *Rodriguez-Cirilo v. Garcia*, 115 F.3d 50, 52 (1st Cir. 1997)).  Plaintiff's complaint fails to make this essential connection as to any of the defendants she has named.  Because the complaint lacks factual allegations of wrongdoing by or attributable to the defendants, they cannot answer the complaint.

    2.  <u>Parties named and demand for relief</u>

In light of Plaintiff's demand for judgment, the identities of the parties she has sued is also problematic.  Plaintiff has deliberately named each of the defendants solely in his or her official capacity (Dkt. No. 1 at 1, ¶¶ 2-4).  To the extent her complaint seeks punitive damages from the named defendants and reimbursement of past legal costs she has incurred, "the Eleventh

Amendment bars suits for money damages that are brought by citizens in federal courts against any state, including 'official capacity' suits against state officials." *Hootstein v. Collins*, 670 F. Supp. 2d 110, 113 (D. Mass. 2009); *see also Wilmot v. Tracey*, 938 F. Supp. 2d 116, 141 (D. Mass. 2013) (it is well-settled that Commissioner of DCF cannot be sued in official capacity for damages in action alleging violation of Section 1983). To the extent Plaintiff's complaint seeks what might be viewed as injunctive relief, e.g., removal of her name from a registry of information, Ms. Spears may be an appropriate defendant if that registry is controlled by DCF. The present complaint, however, fails to contain sufficient factual allegations to support any such claim for injunctive relief. *See Wilmot*, 938 F. Supp. 2d at 139-40. In essence, the complaint also seeks a judgment from this court reversing the state court judgment that terminated Plaintiff's parental rights to A.M. It is unlikely that any of the defendants would have the authority to order such relief, nor would this court have jurisdiction over a claim seeking such relief. This court does not have jurisdiction over a claim "if the relief requested would effectively reverse a state court decision or void its holding." *Rago v. Samaroo*, 344 F. Supp. 2d 309, 313-14 (D. Mass. 2004). This is so even if the claim is based on an allegation that the state court's action was unconstitutional. *See id.* at 314 (citing cases).

Even generously read, Plaintiff's complaint is confusing, seeks relief that may not be available in this court, and fails adequately to set forth cognizable claims against the defendants she has chosen to name. Because Plaintiff is self-represented, however, the court recommends that Defendants' Motion be denied without prejudice, and that Plaintiff be given an opportunity to file an amended complaint that:

> (1) Sets forth factual allegations and legal claims or counts in separately numbered, simple, concise, and direct paragraphs;

(2) Contains short and plain statements of the legal claims showing that Plaintiff is

entitled to relief; and

(3) Contains a demand for judgment specifying the relief that Plaintiff seeks from each

named defendant.[3]

IV.    CONCLUSION

For the foregoing reasons, the undersigned recommends that Defendant's Motion to

Dismiss be denied without prejudice and that Plaintiff be given 45 days in which to file an

amended complaint.  If no amended complaint is filed, the court recommends that the complaint

be dismissed without prejudice and that the case be closed.[4]

Dated: August 11, 2016                              /s/ Katherine A. Robertson
                                                    KATHERINE A. ROBERTSON
                                                    UNITED STATES MAGISTRATE JUDGE

---

[3] This recommendation should not be read as implying that an amended complaint will survive a renewed motion to dismiss.  Defendants named in any amended complaint filed by Plaintiff remain free to seek dismissal under Federal Rule of Civil Procedure 12(b)(6) or otherwise.

[4] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.