UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRENDA MURPHY,

    Plaintiff,

    v.

CHARLES D. BAKER, Governor of
Massachusetts, MARYLOU SUDDERS,
Secretary of MA Health and Human Services,
LINDA S. SPEARS, Commissioner of MA
Department of Children and Families,

    Defendants.

Civil Action No. 15-30187-MGM

MEMORANDUM AND ORDER RE: REPORT AND
RECOMMENDATION ON DEFENDANTS'
MOTION TO DISMISS
(Dkt. Nos. 31, 36)

May 30, 2017

MASTROIANNI, U.S.D.J.

On September 20, 2016, this court adopted Magistrate Judge Katherine A. Robertson's Report and Recommendation, which recommended that Defendants' motion to dismiss be denied without prejudice but that Plaintiff be ordered to file an amended complaint curing various deficiencies in the original complaint. (Dkt. No. 23.) Thereafter, Plaintiff filed an amended complaint and Defendants filed another motion to dismiss. Judge Robertson then issued a second Report and Recommendation, concluding that Plaintiff's amended complaint fails to state a claim upon which relief can be granted and recommending that it be dismissed with prejudice. (Dkt. No. 36.)

Judge Robertson explained that Eleventh Amendment state sovereign immunity precludes Plaintiff's damages claims, since each Defendant is named only in his or her official capacity.[1] *See, e.g., Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir. 1991) ("It is settled beyond peradventure, however, that neither a state agency nor a state official acting in his official capacity may be sued for damages in a § 1983 action."). In addition, although Eleventh Amendment state sovereign immunity generally does not bar requests for prospective injunctive relief, *see Poirer v. Massachusetts Dep't of Correction*, 558 F.3d 92, 97 n.6 (1st Cir. 2009), Judge Robertson concluded that the *Rooker-Feldman* doctrine precludes Plaintiff's request for custody of or visitation with A.M., insofar as Plaintiff litigated those issues in state court and essentially seeks reversal in federal court. *See Miller v. Nichols*, 586 F.3d 53, 59 (1st Cir. 2009). Judge Robertson also recommended denying Plaintiff's request that her name be removed from the DCF Registry of Alleged Perpetrators—also not barred by the Eleventh Amendment—because the claims underlying this request, procedural and substantive due process violations, failed on the merits. Lastly, Judge Robertson concluded, apart from any Eleventh Amendment grounds, that each count of Plaintiff's amended complaint fails to state cognizable claims. The Report and Recommendation notified Plaintiff that she had fourteen days to file an objection. No objection has been filed.

Based upon the comprehensive and well-reasoned analysis presented in the Report and Recommendation, and noting there are no objections, the court, upon *de novo* review, hereby ADOPTS the Report and Recommendation in its entirety. (Dkt. No. 36.) As a result, Defendants' motion to dismiss (Dkt. No. 31) is ALLOWED and Plaintiff's amended complaint is hereby DISMISSED WITH PREJUDICE.

It is So Ordered.

---

[1] Moreover, Judge Robertson also explained that even if Plaintiff had sued Defendants in their individual capacities, such claims also fail because Plaintiff did not allege any affirmative link between the named defendants and the misconduct alleged.

/s/ Mark G. Mastroianni  
MARK G. MASTROIANNI  
United States District Judge